IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. CORTEZ BENNETT**

**Appeal from the Criminal Court for Davidson County**
**No. 99-D-2341      Steve Dozier, Judge**

———————————————————

**No. M2019-01034-CCA-R3-CD**

———————————————————

The Appellant, Cortez Bennett, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ. joined.

Cortez Bennett, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2001, the Appellant and his co-defendant, Andre Mays, were convicted of first degree murder, attempted first degree murder, and two counts of especially aggravated robbery. The Appellant received an effective life sentence plus fifty years. This Court affirmed the convictions and sentences on direct appeal. *State v. Andre Mays and Cortez Bennett*, No. M2001-02151-CCA-R3-CD, 2002 WL 31385939 (Tenn. Crim. App. Oct. 22, 2002). The Appellant was unsuccessful in his subsequent pursuit of post-conviction relief. *Cortez Bennett v. State*, No. M2004-02640-CCA-R3-PC, 2005 WL 2546929 (Tenn. Crim. App. Oct. 11, 2005); *see also Cortez Bennett v. State*, M2013-01269-CCA-R3-PC Tenn. Crim. App. Aug. 12, 2013) (Order) (dismissing application for permission to appeal denial of motion to reopen post-conviction petition). In March 2019, the Appellant filed a motion to correct an illegal sentence. Tenn. R. Crim. P. 36.1. He also filed a "Written Notice" in which he purported to submit certified questions of law

pursuant to Supreme Court Rule 23. The trial court summarily denied relief. The Appellant now appeals. In response to the filing of the record on appeal and the Appellant's brief, the State has filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

As the State correctly notes, the Appellant received a statutorily authorized sentence of life imprisonment for his first degree murder conviction. Tenn. Code Ann. § 39-13-202(c). And although the Appellant does not specifically challenge the sentences he received for the other three Class A felony offenses, as this Court held on direct appeal those sentences were authorized by the applicable statutory scheme. *Bennett*, 2002 WL 31385939 at *7 (citing Tenn. Code Ann. § 40-35-112(a)(1)). The trial court thus properly ruled the Appellant's sentences are legal. Despite the title of the motion he filed in the trial court, "Writ of Mandamus Rule/[36.1] Motion to Correct an Illegal Sentence/State Habeas Corpus and/or Post-Conviction Relief," the Appellant does not advance any particular argument for relief on appeal under the provisions of either the habeas corpus or post-conviction statutes. As to the Appellant's reliance upon Rule 23, that rule has absolutely no application to the matter at hand. Tenn. Sup. Ct. R. 23 (governing certification of questions of law by a federal court).

In light of the discussion above, we conclude the Appellant's sentences are not illegal under the terms of Rule 36.1. Accordingly, the trial court did not err in denying relief to the Appellant. The ruling of the trial court is therefore affirmed pursuant to Court of Criminal Appeals Rule 20.


Judge Thomas T. Woodall